IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS ARMANDO PIRIS-TORRES [41],

Defendant.

CRIMINAL NO. 19-121 (GAG)
18-233 (GAG)

## REPORT AND RECOMMENDATION

Defendant Luis Armando Piris-Torres [41] was charged in Counts One through Five of the Indictment in Criminal Case 19-121 (GAG) and in Counts One through Three of the Indictment in Criminal Case 18-233 (GAG) and he agreed to plead guilty to Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG).   Count One of the Indictment in Criminal Case 19-121 (GAG) charges Defendant with conspiracy to possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams or more of a mixture of substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram or more of a mixture of substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; in excess of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and in excess of one hundred (100) kilograms of more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or

substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority. All in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), 846 and 860.

Count Three of the Indictment in Criminal Case 18-233 (GAG) charges Defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, <u>United States Code</u>, Section 924(c)(1)(A).

On August 21, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.    For the proceeding, the Court, the prosecutor, defense counsel, the court reporter and the courtroom deputy all appeared by videoconference. Defendant appeared by videoconference from the Salinas Detention Facility in Salinas, Puerto Rico. Defendant consented to appearing by videoconference, and both he and his lawyer explained they had discussed the matter. Defendant's image and voice were clear, and he could see and hear the undersigned and the lawyers clearly. Defendant signed a waiver of personal presence at change of plea hearing.    (Docket No. 185 in Cr. Case No. 19-121 (GAG) and Docket No. 55 in Cr. Case No. 18-233 (GAG)).

The hearing proceeded without Defendant physically present because Hon. Judge Gustavo A. Gelpí made the CARES ACT findings at Docket No. 805 in Cr. Case No. 19-121 (GAG) and at Docket No. 51 in Cr. Case No. 18-233 (GAG) as follows: "Given the exigent circumstances generated by the COVID-19 Pandemic, and while considering the related and relevant dispositions within the MDC-Guaynabo and USMS protocols and consistent with the Order issued by the undersigned pursuant to the Cares Act (See 20-mc-088), the

Court finds that the only viable mechanism in which it may currently conduct a change of plea hearing is by Video Conference. This will ensure public health and safety and also afford for the proceedings to be conducted without further delay. The mechanisms herein implemented are in the best interests of justice and the parties. Therefore, the Motion for Change of Plea is referred to Magistrate Judge Camille Velez-Rive for setting of Rule 11 Hearing and submission of Report and Recommendation. Hearing shall be set in accordance to the calendar availability of the Magistrate Judge"

Defendant was provided with a Consent to Proceed before a United States Magistrate Judge and a Waiver of Right to Trial by Jury which he signed and agreed upon voluntarily after examination under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG), upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

---

[1]   The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Having further advised defendant of the charges contained in above-stated Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG), he was examined and verified as being correct that: he had consulted with his counsel Héctor Dauhajre, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.    He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.    Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.    Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver

of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.    The penalty for the offense charged in Count One of the Indictment in Criminal Case 19-121 (GAG) is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life in prison, pursuant to 21 U.S.C §§841(b)(1)(A), 846, and 860; a fine not to exceed twenty million dollars ($20,000,000.00); and a term of supervised release of not less than ten (10) years, in addition to any term of incarceration, pursuant to 18, U.S.C. §3583(b)(1).

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least four hundred (400) grams but less than five hundred (500) grams of cocaine, the defendant faces a minimum term of one (1) year up to a maximum term of imprisonment of forty (40) years, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of at least six (6) years in addition to any term of incarceration, pursuant to Title 21, United States Code, Sections 841(b)(1)(B),

846 and 860.

As to Count Three of the Indictment in Criminal Case 18-233 (GAG), the penalty is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive to any other Count of conviction; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00);and a term of supervised release up to five (5) years, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00), per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A), for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement" ("the Agreement")[2] was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG), as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages five (5) and six (6), paragraph six (6) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One of the Indictment in Criminal Case 19-121 (GAG), the Base Offense Level is of twenty-two (22), pursuant to U.S.S.G. §2D1.1(c)(9). Pursuant to U.S.S.G. §2D1.2(a)(1), an increase of two (2) levels is agreed for protected location. Pursuant to U.S.S.G. §3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of thirty-seven (37) to forty-six (46) months assuming a Criminal History Category of I; forty-one (41) to fifty-one (51) months assuming a Criminal History Category of II; forty-six (46) to fifty-seven (57) months assuming a Criminal History Category of III; fifty-seven (57) to seventy-one (71) months assuming a Criminal History Category of IV; seventy (70) to eighty-seven (87) months assuming a Criminal History Category of V; and seventy-seven (77) to ninety-six (96) months assuming a Criminal History Category of VI.

As to Count Three, the United States and Defendant submit that pursuant to United States Sentencing Guideline §2K2.4(b), a defendant that is convicted of violating 18 U.S.C. §924(c)(1)(A) has a guideline sentence equal to the minimum term of

imprisonment required by statute. In the present case, pursuant to 18 U.S.C. §924(c)(1)(A)(i), there is a minimum term of imprisonment of sixty (60) months.

The parties do not stipulate as to any Criminal History Category for Defendant.

As to Count One of the Indictment in Criminal Case 19-121 (GAG), and after due consideration of the relevant factors enumerated in Title 18, United States Code, §3553(a), the parties agree to recommend a sentence of forty-eight (48) months of imprisonment regardless of defendant's criminal history category. The parties recognize that the abovementioned recommendation constitutes an upper variance sentence of the stipulated guideline range.

As to Count Three of the Indictment in Criminal Case 18-233 (GAG), the parties agree to recommend that defendant be sentenced to sixty (60) months of imprisonment, consecutive to the term imposed as to Count One in Criminal Case 19-121 (GAG) for a total sentence of not less than one hundred and eight (108) months of imprisonment. The parties that any recommendation for a term of imprisonment of less than one hundred and eight (108) months of imprisonment, will constitute a breach of the Plea Agreement.

After sentencing, should there be any pending counts and Defendant comply with the terms of the Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in these cases.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553– other than any explicitly provided for in the Plea Agreement- shall be sought by Defendant. The parties agree that any request by

Defendant for an adjustment or departure that is not explicitly provided for in the Plea
Agreement will be considered a material breach of the Plea Agreement, and the United
States will be free to ask for any sentence, either guideline or statutory.

As part of the written Agreement, the government, the defendant, and his counsel
also agreed they are aware that the Sentencing Guidelines are no longer mandatory and
are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by
his counsel, a summary of the basis in fact for the offenses charged and the evidence the
government had available to establish, in the event defendant had elected to go to trial,
the commission of the offenses, beyond a reasonable doubt. Counsel and defendant
acknowledged the evidence of the government was fully disclosed to them and previously
discussed between the two. Defendant was also read and shown a document entitled
"Stipulation of Facts", which had been signed by defendant and his counsel and is
attached to the Agreement, wherein the signature of counsel for the government also
appears. Defendant was able to understand the explanation and agreed with the
government's submission.

Defendant was explained that the Agreement with the government does not bind
any other district, except the district of Puerto Rico, and it contained all the promises,
terms and conditions which defendant, his attorney and the government, have entered.

Defendant acknowledged being aware of the Forfeiture Provisions included in
paragraph twenty-two (22) of the Agreement and discussing the same with his counsel.
Defendant indicated he understood its terms and conditions which were explained by his

counsel.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph nine (9) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

<u>United States of America v. Luis Armando Piris-Torres [41]</u>
Criminal No. 18-233 (GAG) and 19-121 (GAG)
Report and Recommendation
Page 11

Defendant waived the reading of the Indictments in open court because he is aware of their contents, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG) was what he had done and to which he was pleading guilty during these proceedings.   Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal Case 19-121 (GAG) and Count Three of the Indictment in Criminal Case 18-23 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for December 9, 2020 at 9:00am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation.   Amended Fed. R. Crim P. 59 (b)(2).   <u>See also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order.

United States of America v. Luis Armando Piris-Torres [41]
Criminal No. 18-233 (GAG) and 19-121 (GAG)
Report and Recommendation
Page 12

Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).   See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

        In San Juan, Puerto Rico, this 21st day of August of 2020.

                                   s/ CAMILLE L. VELEZ-RIVE
                                   CAMILLE L. VELEZ-RIVE
                                   UNITED STATES MAGISTRATE JUDGE